William C. Robinson, Administrator, Defendant in Error, v. Louis A. Kraft, Plaintiff in Error, and Henry Hudson, Trustee, et al., Defendants in Error.

### Gen. No. 5232.

1. STATUTE OF LIMITATIONS—*when does not bar writ of error.* If at the time a judgment is rendered five years is allowed by the statute for the suing out of a writ of error, a statute shortening the period to three years which goes into effect after the lapse of three years from the date of the judgment in question, will not bar a writ of error sued out within five years from the date of the rendition of such judgment.

2. EVIDENCE—*must be responsive to issues.* Evidence which has no bearing upon any issue in the cause is properly excluded.

3. WITNESSES—*who incompetent by virtue of interest.* A party pecuniarily interested in the result of a suit is incompetent therein where the adverse party sues or defends in a representative capacity.

Bill in chancery. Error to the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 11, 1910.

G. J. GEORGE and ALONZO HOFF, for plaintiff in error.

EDWARD J. HEYDECKER and ELAM L. CLARKE, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

On August 21, 1901, William C. Robinson, administrator *de bonis non* of the estate of Thomas H. Burn-

ham, deceased, filed a bill in chancery in the Circuit Court of Lake county against Louis A. Kraft, Henry Hudson, trustee, P. G. Hale, successor in trust, and the unknown owner or owners of two notes dated June 20, 1896, and alleged in the bill that on the 14th day of April, 1891, Louis A. Kraft was indebted to Ella P. Burnham in the sum of $15,000, evidenced by three promissory notes dated April 14, 1891, for the sum of $5,000 each, due in one, two and three years respectively after the date thereof, with interest at the rate of six per cent per annum; that to secure said notes and interest which were for purchase money of the premises mortgaged, Louis A. Kraft executed a mortgage of that date conveying to Ella P. Burnham, certain described real estate in Lake county; that the mortgage was duly recorded; that Ella P. Burnham for a good consideration on September 21, 1891, transferred said notes by indorsement thereon to Thomas H. Burnham; that Thomas H. Burnham departed this life intestate on June 29, 1899, and that at the time of his death he was the legal owner of said notes; that J. Cooper Hutchinson was appointed administrator of the estate of Thomas H. Burnham by the County Court of El Paso county, Colorado; that said Hutchinson resigned as such administrator and that William C. Robinson on April 12, 1901, was appointed administrator *de bonis non* of the estate of Thomas H. Burnham deceased; that said $15,000 with interest from April 14, 1891, is due and unpaid; and the bill prayed for an accounting and a foreclosure of said mortgage, except as to a certain portion of the real estate therein described which had been released by Thomas H. Burnham in his lifetime.

Louis A. Kraft on October 10, 1901, filed an answer admitting the indebtedness to Ella P. Burnham, but denying that said notes were assigned by indorsement as alleged and that Thomas H. Burnham ever was the legal or equitable owner of said notes or that the name

of Ella P. Burnham below the endorsement was written by her.

In November, 1901, one Ella Charlena Decker filed a petition in said cause for leave to intervene, stating therein that she was the daughter and only child of Ella P. Burnham; that Ella P. Burnham died leaving a last will bequeathing to petitioner all her property; that said will had been lost or destroyed; that Ella P. Burnham left her surviving Thomas H. Burnham, her husband, and petitioner as her only heirs at law; that Thomas H. Burnham had been appointed administrator of the estate of Ella P. Burnham by the Probate Court of El Paso county, Colorado, and that he died without having closed said estate; that in November, 1899, the estate of Ella P. Burnham was closed in the Probate Court of El Paso county, Colorado, by J. C. Hutchinson, administrator of the estate of Thomas H. Burnham, deceased; that Ella P. Burnham never transferred said note to Thomas H. Burnham and that the indorsements on said notes were never in fact signed by her; that she had notified Louis A. Kraft that she is the owner of an interest in said notes, and praying for leave to interplead and be made a party to the bill. Leave was granted to her to intervene. On January 8, 1902, she filed her intervening petition alleging the same facts as in her petition to interplead and made the complainant and defendants in the original bill, parties defendant to the intervening petition, and prayed to be decreed the owner of an undivided one-half interest in said notes and mortgage described in the original bill. William C. Robinson, administrator, etc., filed an answer to the bill of interpleader, denying that Ella P. Burnham left a last will and that any other person than Thomas H. Burnham had any interest in the estate of Ella P. Burnham, and asserting that he as such administrator is the only person interested in the foreclosure of the mortgage. On October 6, 1902, Ella Charlena Decker, leave of court having been obtained, with-

drew her petition for leave to interplead and her bill of interpleader. Thereafter an order of default was entered against all the defendants except Louis A. Kraft. A replication was filed to his answer and the cause was, by agreement, referred to a special master to take evidence and report the same with his conclusions. The evidence was taken partly by depositions in the state of Colorado and partly before the special master, who reported in favor of the complainant, finding the notes had been transferred by Ella P. Burnham to Thomas H. Burnham and that there was due from Louis A. Kraft on the notes secured by the mortgage on November 25, 1903, the sum of $24,852.45.

Louis A. Kraft filed objections before the special master which were overruled and they were refiled as exceptions in the Circuit Court. On December 19, 1903, after a hearing by the court a decree was entered approving the report of the master, overruling the exceptions and reciting a finding of facts from the evidence. The decree finds that Ella P. Burnham duly assigned said notes by indorsement thereto to Thomas H. Burnham and that he was the legal owner of said notes and the equitable owner of said mortgage securing said notes; that William C. Robinson was duly appointed administrator *de bonis non* of the estate of Thomas H. Burnham, deceased. It finds the amount due on each of said notes and that there was then due on said notes $24,912.45, and decrees a foreclosure of said mortgage and orders that if the amount found to be due be not paid within five days, that the real estate described in said mortgage, which had not been released, describing the portion which had not been released, be sold by the special master, etc. The property was therefore sold by the special master after giving due notice, and after the payment of the costs, $17,712.50, the remainder of the proceeds of sale, was applied on the mortgage indebtedness. The report of sale was approved March 7, 1904, and

on March 17, 1904, a deficiency judgment for $7,447.97, was entered against Louis A. Kraft. On December 19, 1908, Louis A. Kraft sued out a writ of error from the Supreme Court of this state to review the decree of the Circuit Court of Lake county. Louis A. Kraft procured a severance of the defendants in the Supreme Court and there was publication as to his co-defendants. The Supreme Court transferred the case to this court and Louis A. Kraft is the only defendant who assigns error or questions the decree.

The defendant in error, William C. Robinson, administrator, etc., has filed a plea, setting up that the writ of error was not sued out until nearly five years after the rendering of the original decree, and that by section 117 of the Practice Act in force July 1, 1907, it is provided, ''A writ of error shall not be brought after the expiration of three years from the rendition of the decree or judgment complained of.'' The plaintiff in error demurs to the plea of the statute of limitations. By the statute in force at the time the original decree was entered, it was provided that (sec. 86, chapter 110, Hurd's Statutes 1903), ''A writ of error shall not be brought after the expiration of five years from the rendition of the decree or judgment complained of.'' The writ of error in this case was sued out on the last day of the five years allowed by that statute to sue it out. In 1907, a new statute of limitations concerning writs of error was passed (sec. 117, chap. 110, Hurd's Statutes 1908), which went into effect July 1, 1907, that limited the time within which a writ of error might be brought to three years from the rendition of the decree complained of. More than three years had expired since the entering of the original decree when the act of 1907 was passed and went into force. While it has been held that the legislature has power to pass statutes of limitation and that such statutes if they affect existing rights are not unconstitutional if a reasonable time is given for the assertion of the rights before the bar

of the statute takes effect (Bradley v. Lightcap, 201 Ill. 511), yet the act of 1907 cannot apply to the cause at bar for the reason that under it the plaintiff in error would be deprived of any right to a writ of error the instant it took effect, if it affected the rights which plaintiff in error, under the statute in force when the decree complained of was rendered, had to sue out and prosecute a writ of error. The writ in this case was sued out within the time given by the statute of 1877, and within a reasonable time after the act of 1907 went into effect. The demurrer to the plea will be overruled.

It is insisted on behalf of plaintiff in error that the decree is against the weight of the evidence. The contention of plaintiff in error is, not that he did not owe the notes when the decree was rendered, but that Thomas H. Burnham was not the owner of the notes at the time of the death of his wife, that they were never transferred to him and that the purported signature of Ella P. Burnham on the back of the notes is a forgery, and that Ella P. Burnham had a daughter, Ella Charlena Decker, who had an interest in the notes. The claim is that Ella P. Burnham had a former husband by whom she had a child and that such fact was unknown to Thomas H. Burnham. Ella Charlena Decker after being given leave to interplead in the original bill in chancery and after filing her petition, voluntarily withdrew her intervening petition and abandoned all claim to the money in controversy in this suit. There was no pleading presenting any issue concerning any claim to the notes or any part of them made by any other person.

The evidence shows that Ella P. Burnham and Thomas H. Burnham were husband and wife; that Ella P. Burnham at the time of her death and for several years prior thereto resided in Colorado Springs and her husband was on a ranch thirty-five miles distant. Charles F. Kraft, a brother of Louis A. Kraft, Abbie E. Willis, a sister of Ella P. Burnham, and

Mrs. M. E. Kraft, a sister-in-law of plaintiff in error, testified on behalf of plaintiff in error, that the signature to the transfer on the back of the notes is not the signature of Ella P. Burnham. These were the only witnesses who testified that it was not her signature. For the defendant in error, Frank J. Burnham, a brother of Thomas H. Burnham, testified that he saw Ella P. Burnham write her name on the back of the notes in Colorado Springs, about a month before she died, and that he saw her deliver the notes to her husband Thomas H. Burnham. J. W. D. Strovell, who resided in Colorado Springs, testified that he had business and official relations with Ella P. Burnham; that he was well acquainted with her signature, and that the signature on the back of the notes is her genuine signature. Edwin J. Eaton who had been city assessor and county clerk of El Paso county, Colorado, and Secretary of the State of Colorado, testified that he knew Ella P. Burnham intimately, and that he had seen her write many times, that he knew her signature and that the signature on the back of the notes is her signature. Arthur I. White, teller in the El Paso National Bank, testified that he was acquainted with the signature of Ella P. Burnham and that the signature on the back of the notes is her signature. W. H. McIntyre, a banker in Colorado Springs, testified that she was a depositor in the bank of which he was cashier, that he knew her signature and that he is confident the signature on the back of the notes was hers. John H. Thedinga testified that he was a grocery-man in Colorado Springs with whom Mrs. Burnham did business; that he had done business with her as a notary and that the signature on the back of the notes is her signature. The clear preponderance of the evidence shows that the signature below the indorsement on the back of the notes is the signature of Ella P. Burnham and that the notes were transferred by her in her lifetime to Thomas H. Burnham.

Louis A. Kraft also assigns for error that the court erred in excluding his testimony as to matters that occurred prior to the death of Thomas H. Burnham. It was sought to prove by Louis A. Kraft that at the time Thomas H. Burnham released a certain part of the mortgage property from the mortgage, that Louis A. Kraft paid $7,500 on the notes in controversy by giving notes for that amount. These notes were given to Thomas H. Burnham. Plaintiff in error was not competent to testify concerning anything that occurred in the lifetime of the deceased, for the reason that the complainant, defendant in error, was prosecuting this suit in his official capacity as the administrator of a deceased person. Plaintiff in error was a defendant and an incompetent witness under section 2 of the evidence act, which provides that no party to a civil suit shall be allowed to testify in his own behalf when any adverse party sues or defends as the executor or administrator, etc., of any deceased person. The evidence was not proper for the further reason there was no pleading alleging payment of any part of the notes or any issue under which it was admissible.

It was also claimed that there was error in the refusal to permit Sister Seraphica to testify as to the existence of Ella Charlena Decker, that she was a daughter of Ella P. Burnham. That was properly excluded as there was no issue on that question. Ella Charlena Decker by withdrawing her interpleader waived all rights, if any she ever had, to participate in the proceedings.

Finding no error in the case the decree is affirmed.

*Affirmed.*